## SUPREME COURT.

LYSANDER W. COFFIN agt. THE PROSPECT PARK AND CONEY
ISLAND RAILROAD COMPANY.

*Injunction — Code of Civil Procedure, section 626 — Practice on application
to the general term under this section to vacate.*

Under the provisions of section 626 of the Code of Civil Procedure, the
application to this court to vacate an injunction shall be *ex parte*, and
wholly based upon the papers upon which the order was granted. The
Code does not contemplate a hearing of both parties on such an
application.

Where the injunction order was merely preliminary to an order to show
cause why the injunction should not be continued, which order is still
pending before the special term, the order of the general term should
not interfere to prevent its hearing. On such hearing the parties may
present additional facts affecting the right to the injunction and its
continuance.

*First Department, General Term, May,* 1881.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

IN this suit judge DONOHUE granted a preliminary injunc-
tion pending a hearing upon an order to show cause why it
should not be continued, restraining the construction of the
new iron pier at Coney Island. The general term is asked,
under section 626 of the Code of Civil Procedure, to vacate
the injunction.

*W. De Witt,* for motion.

*G. W. Wingate,* opposed.

PER CURIAM.— The injunction order in this case was merely
preliminary to an order to show cause why the injunction
should not be continued. That order was returnable on the

Coffin agt, Prospect Park and Coney Island Railroad Company.

twenty-third instant, and is now pending before the special term. The order of this court should not interfere to prevent its hearing. On such hearing the parties may present additional facts affecting the right to the injunction, and its continuance, not now before us.

Under the provisions of section 626 of the Code, the application to this court should be *ex parte* and wholly based upon the papers upon which the order was granted. The Code does not contemplate a hearing of both parties on such an application. In directing notice in this case the court went beyond the proceeding contemplated by the Code, and its action in that respect will not be deemed a precedent for future cases.

Upon the original papers a *prima facie* case for an injunction was shown. We cannot say that the justice exceeded his powers in granting the order. We cannot regard it, therefore, as invalid and set it aside for that reason. The case as presented by the papers was one, however, upon which it would have been better to have required notice of the application before granting the order. We feel it our duty, therefore, to so modify the injunction order that the hearing may be had upon the order to show cause at special term without delay, and yet the defendants not be prevented from proceeding with the construction of the pier in the meantime.

Our order will, therefore, so far modify the injunction as to suspend its operation till such hearing of the motion to continue the same, and the decision thereof.

The plaintiffs will have it in their power to proceed at once under the direction of the special term, and will be fully protected if that court shall conclude that the injunction should be granted.